UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANCES E. CONWAY,<br><br>      Plaintiff,<br><br>   vs.<br><br>LEE CONWAY,<br><br>      Defendant. | Case No:  C 13-1388 SBA<br><br>**ORDER REMANDING ACTION** |

On January 12, 2013, Plaintiff Frances Conway filed a Petition for Dissolution of Marriage against her husband, Defendant Lee Conway, in the Alameda County Superior Court.  See Conway v. Conway, Alam. Cnty. Super. Ct. No. AF13663117.  In the course of the divorce proceedings, Plaintiff sought to freeze their joint Vanguard account, given her belief that Defendant had defrauded her.  See F. Conway Decl. at 1, Dkt. 1-2.  By all accounts, the divorce proceedings appear to be ongoing.

On March 28, 2013, Defendant, acting pro se, removed the dissolution action under 28 U.S.C. § 1441(a) on the grounds that this Court has original jurisdiction over the petition.  In particular, Defendant alleges that Plaintiff's divorce petition accuses him of violating a federal statute; to wit, the Racketeer Influenced and Corrupt Organizations Act (RICO).  See Statement of Grounds for Removal at 2, Dkt. 1.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...."  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed to be absent unless the removing party which seeks to

invoke the Court's jurisdiction shows that plaintiff has alleged:  (1) a federal cause of action, Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"); (2) a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921); or (3) a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case.  See Gaus, 980 F.2d at 566.

Here, Defendant's Notice of Removal avers that Plaintiff is alleging a RICO claim against him.  This contention lacks merit.  The Court has reviewed the copy of the petition for dissolution attached to the Notice of Removal and finds no mention of RICO or any other federal law.  As such, there is no federal cause of action stated against Defendant. There also is no basis for finding that Plaintiff's petition turns on a substantial dispositive issue of federal law or states a cause of action preempted by a federal statute.  Thus, the Court concludes that removal jurisdiction is lacking and that remand under 28 U.S.C. § 1447(c) is warranted.  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, County of Alameda.  The Clerk shall close this file and terminate all pending matters.

IT IS SO ORDERED.

Dated: April 8, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FRANCES E. CONWAY,

        Plaintiff,

  v.

LEE CONWAY et al,

        Defendant.
                                           /

Case Number: CV13-01388 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 9, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Frances E. Conway
P.O. Box 13154
Station E
Oakland, CA 94661

Dated: April 9, 2013
                                      Richard W. Wieking, Clerk
                                      By: Lisa Clark, Deputy Clerk

N:\K…\Civil\13-1388 - Conway - Order Remanding Action.docx